| | |
|---|---|
| 1 | **JULIE A. BLAIR** |
| 2 | Attorney at Law<br>California Bar No. 190802 |
| 3 | 964 Fifth Ave., Ste.214<br>San Diego, California  92101 |
| 4 | Telephone:  (619) 544-1419 Fax (619) 544-1429 |

Attorney for Defendant **Guzman-Mata**

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

### (HON. WILLIAM Q. HAYES)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff, | Criminal No. 08-CR-1968-BEN |
| v. | **Date: September 8, 2008**<br>**Time: 2:00 p.m.** |
| **MACARIO GUZMAN-MATA,**<br>　　　　**Defendant** | **NOTICE OF MOTIONS AND MOTIONS TO:**<br><br>**1) COMPEL DISCOVERY**; AND<br>**2) LEAVE TO FILE FURTHER MOTIONS** |

TO:　KAREN P. HEWITT, UNITED STATES ATTORNEY, and
　　　**MICHELLE PETTIT**,  ASSISTANT UNITED STATES ATTORNEY

PLEASE TAKE NOTICE that on Monday, September 8, 2008, at 2:00 p.m., or as soon thereafter as counsel may be heard, the defendant, Macario Guzman-Mata, by and through his counsel, Julie A. Blair, will move this Court to grant the above-entitled motions.

08cr1968

**MOTIONS**

The defendant, Macario Guzman-Mata, by and through his counsel, Julie A. Blair, and pursuant to Rules 6(e), 12, and 16 of the Federal Rules of Criminal Procedure and the Fourth, Fifth and Sixth Amendments to the United States Constitution, and all applicable local rules, hereby moves this court to

1) Compel Discovery; and

2) Leave to File Further Motions;

These motions are based upon the attached memorandum, the files and records in the above-captioned matter, and any and all other evidence brought before this court before or during the hearing on this motion.

Respectfully submitted,

Dated: August 4, 2008

S/ Julie A. Blair
**JULIE A. BLAIR**
Attorney for Defendant **Guzman-Mata**

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,     ) | CASE NO. 08CR1968-BEN |
|                    ) Plaintiff,                    ) | |
| v.                    ) | **PROOF OF SERVICE** |
|                    ) | |
| MACARIO GUZMAN-MATA,                    ) | |
|                    ) Defendant.                    ) | |
| _____                    ) | |

I, Julie A. Blair, do hereby state:

I am a citizen of the United States and a resident of the County of San Diego, State of California. I am over the age of eighteen years, and am not a party to the within action. My business address is 964 Fifth Avenue, Ste. 335, San Diego, California 92101.

On the this 4th day of August 2008, I served the within **Motion to Compel Discovery and Leave to File Further Motions** in Case No. 08CR1968-BEN electronically through the CM/ECF system for the Southern District of California on the United States Attorney's Office, a registered user of the CM/ECF system.

I certify under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

EXECUTED this day, 4th August 2008, at San Diego, California.

                    S/Julie A. Blair
                    JULIE A. BLAIR

**JULIE A. BLAIR**
Attorney at Law
California State Bar No. 190802
964 Fifth Ave., Ste. 214
San Diego, California 92101
Telephone: (619) 544-1419 Fax (619) 544-1429

Attorney for **Mr. Guzman-Mata**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HON. ROGER T. BENITEZ)**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. 08cr1968-BEN |
| Plaintiff, ) | DATE: SEPTEMBER 8, 2008 |
| ) | TIME: 2:00 P.M. |
| v. ) | |
| ) | STATEMENT OF FACTS AND POINTS |
| MACARIO GUZMAN-MATA, ) | AND AUTHORITIES IN SUPPORT OF |
| ) | DEFENDANT'S MOTIONS |
| Defendant. ) | |
| ) | |

**I.**

**STATEMENT OF FACTS**

The following statement of facts is based, in part, on materials received from the government. Mr. Guzman-Mata does not accept this statement of facts as his own, and reserves the right to take a contrary position at motions hearing and trial. The facts alleged in these motions are subject to amplification and/or modification at the time these motions are heard.

On May 15, 2008, Mr. Guzman-Mata was arrested outside his mother's house in San Diego, California by Border Patrol agents. The agents questioned Mr. Guzman-Mata. He was then transported to the Chula Vista Border Patrol station for processing. Records checks were conducted. Mr. Guzman-Mata was charged with being a Deported Alien Found in the United States.

1  On June 12, 2008, an information was filed charging Mr. Guzman-Mata with False Statement
2  to a Federal Officer in violation of Title 18 U.S.C s. 1001.

## II.

## MOTION TO COMPEL FURTHER DISCOVERY

As of the date of this filing, the government has provided defense counsel with some discovery in this case. Mr. Guzman-Mata moves for the production of discovery pursuant to Fed.R.Crim.P. 12(b)(4) and 16. This request is not limited to those items that the prosecutor knows of, but rather includes all discovery listed below that is in the custody, control, care, or knowledge of any investigative or other governmental agencies closely connected to the prosecution. See Kyle v. Whitley, 514 U.S. 419, 437 (1995); United States v. Bryan, 868 F.2d 1032 (9th Cir. 1989).

(1) Mr. Guzman-Mata' Statements. The Government must disclose to the defendant all copies of any written or recorded statements made by the defendant; the substance of any statements made by the defendant which the Government intends to offer in evidence at trial; any response by the defendant to interrogation; the substance of any oral statements which the Government intends to introduce at trial and any written summaries of the defendant's oral statements contained in the handwritten notes of the Government agent; any response to any Miranda warnings which may have been given to the defendant; as well as any other statements by the defendant. Fed. R. Crim. P. 16(a)(1)(A). The Advisory Committee Notes and the 1991 amendments to Rule 16 make clear that the Government must reveal all the defendant's statements, whether oral or written, regardless of whether the government intends to make any use of those statements.

(2) Arrest Reports, Notes and Dispatch Tapes. The defendant also specifically requests the Government to turn over all arrest reports, notes, dispatch or any other tapes, and TECS records that relate to the circumstances surrounding his arrest or any questioning. This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents in which statements of the defendant or any other discoverable material is contained. Such material is discoverable under Fed. R. Crim. P. 16(a)(1)(A) and Brady v. Maryland, 373 U.S. 83 (1963). The Government must produce arrest reports, investigator's notes, memos from arresting officers, dispatch tapes,

sworn statements, and prosecution reports pertaining to the defendant.  See Fed. R. Crim. P. 16(a)(1)(B) and (c), Fed. R. Crim. P. 26.2 and 12(I).

(3) Brady Material.  The defendant requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt and/or which affects the credibility of the Government's case.  Under Brady, impeachment as well as exculpatory evidence falls within the definition of evidence favorable to the accused.  United States v. Bagley, 473 U.S. 667 (1985); United States v. Agurs, 427 U.S. 97 (1976).

(4) Any Information That May Result in a Lower Sentence Under The Guidelines.  The Government must produce this information under Brady v. Maryland, 373 U.S. 83 (1963).  This request includes any cooperation or attempted cooperation by the defendant as well as any information that could affect any base offense level or specific offense characteristic under Chapter Two of the Guidelines.  The defendant also requests any information relevant to a Chapter Three adjustment, a determination of the defendant's criminal history, and information relevant to any other application of the Guidelines.

(5) The Defendant's Prior Record.  The defendant requests disclosure of his prior record. Fed. R. Crim. P. 16(a)(1)(B).

(6) Defendant's "A" File  The defendant requests his Immigration and Naturalization service "A" file;

(8) Any Proposed 404(b) Evidence.  The government must produce evidence of prior similar acts under Fed. R. Crim. P. 16(a)(1)(c) and Fed. R. Evid. 404(b) and 609.  In addition, under Rule 404(b), "upon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature . . ." of any evidence the government proposes to introduce under Fed. R. Evid. 404(B) at trial.  The defendant requests that such notice be given three (3) weeks before trial in order to give the defense time to adequately investigate and prepare for trial.

(9) Evidence Seized.  The defendant requests production of evidence seized as a result of any search, either warrantless or with a warrant.  Fed. R. Crim. P. 16(a)(1)©).

(10) Request for Preservation of Evidence.  The defendant specifically requests the preservation of all dispatch tapes or any other physical evidence that may be destroyed, lost, or

otherwise put out of the possession, custody, or care of the Government and which relate to the arrest or the events leading to the arrest in this case.

(11) <u>Tangible Objects</u>.  The defendant requests the opportunity to inspect and copy as well as test, if necessary, all other documents and tangible objects, including photographs, books, papers, documents, fingerprint analyses, vehicles, or copies of portions thereof, which are material to the defense or intended for use in the Government's case-in-chief or were obtained from or belong to the defendant.  Fed. R. Crim. P. 16(a)(2)(c).

(12) <u>Evidence of Bias or Motive to Lie</u>.  The defendant requests any evidence that any prospective Government witness is biased or prejudiced against the defendant, or has a motive to falsify or distort his or her testimony.

(13) <u>Impeachment Evidence</u>.  The defendant requests any evidence that any prospective Government witness has engaged in any criminal act whether or not resulting in a conviction and whether any witness has made a statement favorable to the defendant.  <u>See</u> Fed R. Evid. 608, 609 and 613; <u>Brady v. Maryland</u>, <u>supra</u>.

(14) <u>Evidence of Criminal Investigation of Any Government Witness</u>.  The defendant requests any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct.

(15) <u>Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling</u>.  The defense requests any evidence, including any medical or psychiatric report or evaluation, that tends to show that any prospective witness' ability to perceive, remember, communicate, or tell the truth is impaired, and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic.

(16) <u>Witness Addresses</u>.  The defendant requests the name and last known address of each prospective Government witness.  The defendant also requests the name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will <u>not</u> be called as a Government witness.

(17) <u>Name of Witnesses Favorable to the Defendant</u>.  The defendant requests the name of any witness who made an arguably favorable statement concerning the defendant or who could not identify his or who was unsure of his identity, or participation in the crime charged.

(18) <u>Statements Relevant to the Defense</u>.  The defendant requests disclosure of any statement relevant to any possible defense or contention that he might assert.

(19) <u>Jencks Act Material</u>.  The defendant requests production in advance of trial of all material, including dispatch tapes, which the government must produce pursuant to the Jencks Act, 18 U.S.C. § 3500.  Advance production will avoid the possibility of delay at the request of defendant to investigate the Jencks material.  A verbal acknowledgment that "rough" notes constitute an accurate account of the witness' interview is sufficient for the report or notes to qualify as a statement under § 3500(e)(1).  <u>Campbell v. United States</u>, 373 U.S. 487, 490-92 (1963).  In <u>United States v. Boshell</u>, 952 F.2d 1101 (9th Cir. 1991) the Ninth Circuit held that when an agent goes over interview notes with the subject of the interview the notes are then subject to the Jencks Act.

(20) <u>Giglio Information</u>.  Pursuant to <u>Giglio v. United States</u>, 405 U.S. 150 (1972), the defendant requests all statements and/or promises, express or implied, made to any Government witnesses, in exchange for their testimony in this case, and all other information which could arguably be used for the impeachment of any Government witnesses.

(21) <u>Agreements Between the Government and Witnesses</u>.  The defendant requests discovery regarding any express or implicit promise, understanding, offer of immunity, of past, present, or future compensation, or any other kind of agreement or understanding, including any implicit understanding relating to criminal or civil income tax, forfeiture or fine liability, between any prospective Government witness and the Government (federal, state and/or local).  This request also includes any discussion with a potential witness about or advice concerning any contemplated prosecution, or any possible plea bargain, even if no bargain was made, or the advice not followed.

(23) <u>Informants and Cooperating Witnesses</u>.  The defendant requests disclosure of the names and addresses of all informants or cooperating witnesses used or to be used in this case, and in particular, disclosure of any informant who was a percipient witness in this case or otherwise participated in the crime charged against Mr. Guzman-Mata.  The Government must disclose the

informant's identity and location, as well as disclose the existence of any other percipient witness unknown or unknowable to the defense. Roviaro v. United States, 353 U.S. 52, 61-62 (1957). The Government must disclose any information derived from informants which exculpates or tends to exculpate the defendant.

(24) Bias by Informants or Cooperating Witnesses. The defendant requests disclosure of any information indicating bias on the part of any informant or cooperating witness. Giglio v. United States, 405 U.S. 150 (1972). Such information would include what, if any, inducements, favors, payments or threats were made to the witness to secure cooperation with the authorities.

(25) Personnel Records of Government Officers Involved in the Arrest. Defendant requests all citizen complaints and other related internal affairs documents involving any of the immigration officers or other law enforcement officers who were involved in the investigation, arrest and interrogation of him, pursuant to Pitchess v. Superior Court, 11 Cal.3d 531, 539 (1974). Because of the sensitive nature of these documents defense counsel will be unable to procure them from any other source.

(26) Government Examination of Law Enforcement Personnel Files. Mr. Guzman-Mata requests that the Government examine the personnel files and any other files within its custody, care or control, or which could be obtained by the government, for all testifying witnesses, including testifying officers. Mr. Guzman-Mata requests that these files be reviewed by the Government attorney for evidence of perjurious conduct or other like dishonesty, or any other material relevant to impeachment, or any information that is exculpatory, pursuant to its duty under United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991). The obligation to examine files arises by virtue of the defense making a demand for their review: the Ninth Circuit in Henthorn remanded for in camera review of the agents' files because the government failed to examine the files of agents who testified at trial. This Court should therefore order the Government to review all such files for all testifying witnesses and turn over any material relevant to impeachment or that is exculpatory to Mr. Guzman-Mata prior to trial. Mr. Guzman-Mata specifically requests that the prosecutor, not the law enforcement officers, review the files in this case. The duty to review the files, under Henthorn,

1 should be the prosecutor's. Only the prosecutor has the legal knowledge and ethical obligations to
2 fully comply with this request.

3     (27) <u>Expert Summaries</u>. Defendant requests written summaries of all expert testimony that
4 the government intends to present under Federal Rules of Evidence 702, 703 or 705 during its case
5 in chief, written summaries of the bases for each expert's opinion, and written summaries of the
6 experts' qualifications. Fed. R. Crim. P. 16(a)(1)(E). This request includes, but is not limited to,
7 fingerprint expert testimony.

8     (28) <u>Residual Request</u>. Mr. Guzman-Mata intends by this discovery motion to invoke his
9 rights to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and
10 the Constitution and laws of the United States. This request specifically includes all subsections of
11 Rule 16. Mr. Guzman-Mata requests that the Government provide him and his attorney with the
12 above requested material sufficiently in advance of trial to avoid unnecessary delay prior to cross-
13 examination.

### III.

### MR. GUZMAN-MATA REQUESTS LEAVE TO FILE FURTHER MOTIONS

Mr. Guzman-Mata has received some discovery from the Government. As this discovery is reviewed and further discovery is provided, the defense will find it necessary to file further motions. Mr. Guzman-Mata hereby requests leave to do so.

### IV.

### CONCLUSION

For the reasons stated above, Mr. Guzman-Mata respectfully requests that this Court grant the foregoing motions.

                                          Respectfully submitted,

Dated: August 4, 2008        S/Julie A. Blair
                                          **JULIE A. BLAIR**
                                          Attorney for Mr. Guzman-Mata